**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 18 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALDINE L.C. AJIFU,<br><br>        Plaintiff - Appellant,<br><br>   v.<br><br>INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS (AFL-CIO) DISTRICT LODGE 141; et al.,<br><br>        Defendants - Appellees. | No. 04-15039<br><br>D.C. No. CV-03-00212-HG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted October 16, 2006**
San Francisco, California

Before: GRABER, McKEOWN, and TALLMAN, Circuit Judges.

---

   *   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

   **   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Geraldine L.C. Ajifu brought suit against the International Association of Machinists and Aerospace Workers, District Lodge 141 ("Union") for breach of duty of fair representation, and against Aloha Airlines, Inc. ("Aloha") for breach of a collective bargaining agreement. The district court dismissed the action under Federal Rule of Civil Procedure 12(b)(6), and provided Ajifu with 30 days to amend her complaint. Ajifu did not file an amended complaint but instead brought this appeal after the district court issued an order dismissing the action.

The Union and Aloha argue that the district court's judgment was a dismissal pursuant to Rule 41(b), which we would review under the abuse of discretion standard. We disagree. Neither party moved for dismissal under Rule 41(b), and the district court did not reference Rule 41(b) in its order. Nor did the district court consider the five factors that are applicable to dismissal under Rule 41(b), see *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), or otherwise indicate that the dismissal was a sanction for failing to follow a court order. The judgment does, however, explicitly reference the court's earlier order granting the defendants' motion to dismiss pursuant to Rule 12(b)(6). We hold that the dismissal was pursuant to Rule 12(b)(6), and we review it de novo. See *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000).

Ajifu argues that the Union breached its duty of fair representation by failing to conduct a minimal investigation of her grievances and by failing to submit her case for arbitration. A union may be found to have breached its duty of fair representation "only when [its] conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). This court has "never held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance." *Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir. 1985). A union's decision to pursue a grievance based on its merits or lack thereof is an exercise of the union's judgment. *Stevens v. Moore Bus. Forms, Inc.*, 18 F.3d 1443, 1447 (9th Cir. 1994).

Taking all allegations of material fact as true and construing them in the light most favorable to Ajifu, *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001), the alleged facts are insufficient to establish that the Union acted in bad faith. Despite Ajifu's claims that the Union neglected to conduct relevant interviews and failed to present certain types of evidence and arguments during the investigative hearing, her opening brief acknowledges the Union's effort to present certain evidence and testimony on her behalf. Although Ajifu might have used a different

approach or offered different evidence, it is for the union, not the courts, to decide how best to handle a grievance. *Peterson*, 771 F.2d at 1254.

Ajifu also claims that the Union failed to follow her instructions to appeal her case in a timely manner. She also alleges that the Union failed to submit her grievance to arbitration despite evidence that her grievance was meritorious. Each of these claims, however, amounts at most to negligence on the part of the Union, which is insufficient to constitute a breach of duty of fair representation. *See, e.g., Stevens*, 18 F.3d at 1447; *Eichelberger v. NLRB*, 765 F.2d 851, 854 (9th Cir. 1985).

Because Ajifu's action against the Union was properly dismissed, her action against Aloha also fails.

**AFFIRMED.**